IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

GREGORY C. DICKSON, :
:
        Petitioner, :
:
v. : Civ. Act. No. 11-641-LPS
:
DAVID PIERCE, Warden, and :
ATTORNEY GENERAL OF THE :
STATE OF DELAWARE, :
:
        Respondents.[1] :

---

Gregory C. Dickson. *Pro se* Petitioner.

Maria Knoll, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondents.

---

**MEMORANDUM OPINION**

August 12, 2014
Wilmington, Delaware

---

[1]Warden David Pierce replaced Warden Perry Phelps, an original party to this case. *See* Fed. R. Civ. P. 25(d).

[signature]

**STARK, U.S. District Judge:**

## I. INTRODUCTION

Pending before the Court is an Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 ("Petition") filed by Petitioner Gregory C. Dickson ("Petitioner"). (D.I. 1; D.I. 6; D.I. 7) For the reasons discussed, the Court will dismiss the Petition as time-barred by the limitations period prescribed in 28 U.S.C. § 2244.

## II. BACKGROUND

On February 19, 2009, Petitioner pled guilty to second degree rape. *See Dickson v. State*, 991 A.2d 17 (Table), 2010 WL 537731, at *1 (Del. Feb. 16, 2010). On August 10, 2009, the Superior Court sentenced Petitioner as an habitual offender to forty years of incarceration at Level V. *Id.* Petitioner filed a *pro se* motion to withdraw his guilty plea, which was denied on November 23, 2009. *Id.* On February 16, 2010, the Delaware Supreme Court affirmed Petitioner's conviction and sentence. *Id.* at *2.

Acting *pro se*, Petitioner filed the instant § 2254 Petition in July, 2011 (D.I. 1), and he subsequently filed two amendments in October, 2011. (D.I. 6; D.I. 7) The Petition asserts two grounds for relief: (1) his guilty plea was involuntary because defense counsel promised that he would receive a twenty-five year sentence; and (2) the Superior Court violated his Due Process rights by re-sentencing him *in absentia*. The State filed an Answer, asserting that the Petition should be dismissed as time-barred or, alternatively, because the claims asserted therein are procedurally barred or meritless. (D.I. 13)

1

## III. THE ONE YEAR STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996. *See* 28 U.S.C. § 2244(d)(1). AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). AEDPA's limitations period is subject to statutory and equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010) (equitable tolling); 28 U.S.C. § 2244(d)(2) (statutory tolling).

## IV. DISCUSSION

Petitioner's § 2254 Petition, filed in 2011, is subject to the one-year limitations period contained in § 2244(d)(1). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Petitioner does not allege, and the Court cannot discern, any facts triggering the application of

§ 2244(d)(1)(B), (C), or (D). Given these circumstances, the one-year period of limitations began to run when Petitioner's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner appeals a state court judgment but does not seek *certiorari* review, the judgment of conviction becomes final ninety days after the state appellate court's decision. *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). Here, the Delaware Supreme Court affirmed Petitioner's conviction on February 16, 2010, and Petitioner did not seek *certiorari* review. Consequently, Petitioner's convictions became final on May 18, 2010. Applying the one-year limitations period to that date, Petitioner had until May 19, 2011 to timely file his Petition. *See Wilson v. Beard*, 426 F.3d 653 (3d Cir. 2005) (holding that former Federal Rule of Civil Procedure 6(a) and (e) applies to federal habeas petitions); Fed. R. Civ. P. 6(a)(1) (the day of the event that triggers the period is excluded when computing time periods). Petitioner, however, waited until July 15, 2011[2] to file the Petition, two months after the expiration of the limitations period. Thus, his habeas Petition is untimely, unless the limitations period can be statutorily or equitably tolled. *See Jones,* 195 F.3d at 158. The Court will discuss each doctrine in turn.

**A. Statutory Tolling**

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the action is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of AEDPA's limitations period. *See Swartz v. Meyers*, 204 F.3d 417, 420-24 (3d Cir. 2000); *Price v. Taylor*, 2002 WL 31107363, at *2 (D. Del. Sept. 23, 2002). In this case, statutory tolling is

---

[2]Pursuant to the prison mailbox rule, the Court adopts the date on the Petition (July 15, 2011) as the date of filing. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003).

unavailable because Petitioner did not file any post-conviction motions for relief after his judgment of conviction became final. As such, the Petition is time-barred, unless equitable tolling is applicable.

**B. Equitable Tolling**

AEDPA's limitations period may be tolled for equitable reasons in appropriate cases. *See Holland*, 130 S.Ct. at 2560. A petitioner can only qualify for equitable tolling by demonstrating "(1) that he has been pursuing his rights diligently, **and** (2) some extraordinary circumstance stood in his way and prevented timely filing;"[3] mere excusable neglect is insufficient. *Schlueter v. Varner*, 384 F.3d 69, 77 (3d Cir. 2004). Consistent with these principles, the Third Circuit has specifically limited the equitable tolling of AEDPA's limitations period to the following circumstances:

> (1) where the defendant (or the court) actively misled the plaintiff;
> 
> (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
> 
> (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

*Jones*, 195 F.3d at 159; *see also Thomas v. Snyder*, 2001 WL 1555239, at *3-4 (D. Del. Nov. 28, 2001).

Here, Petitioner asserts that equitable tolling is warranted because he is uneducated; he has limited access to the law library; he must rely on a "jail house lawyer" for assistance; and defense counsel lied about filing a Rule 61 motion on Petitioner's behalf, which precluded Petitioner from filing a *pro se* Rule 61 motion in the Superior Court. None of these reasons, either alone or in concert, warrants equitable tolling. To begin, it is well-settled that a prisoner's

---

[3]*Holland*, 130 S.Ct. at 2562.

*pro se* status, ignorance of the law, lack of education, and reliance on a jail house lawyer do not constitute extraordinary circumstances for equitable tolling purposes. *See Mendez v. Sup't SCI-Huntingdon*, 2013 WL 3894865, at *3 (M.D. Pa. July 26, 2013) (collecting cases); *Taylor v. Carroll*, 2004 WL 1151552, at *5-6 (D. Del. May 14, 2004); *Thomas v. Carroll*, 2002 WL 1858778, at *3 (D. Del. July 30, 2002). In addition, Petitioner has not explained how these common aspects of prison life actually prevented him from filing a timely basic habeas petition.

Petitioner's contention that the limitations period should be equitably tolled because defense counsel lied about filing a Rule 61 motion on Petitioner's behalf is similarly unavailing. In his form Petition, Petitioner states that a Rule 61 motion was filed "between 7/29/09 to 8/4/09," and that it was denied in October 2009. (D.I. 1 at 3) In his "Amended Motion to Address the District Court," Petitioner asserts that the criminal docket sheet shows the filing date of the Rule 61 motion to be July 22, 2009 and August 4, 2009, but that he never received any results from that Rule 61 motion because defense counsel never filed such a motion. Although not entirely clear, Petitioner appears to assert that equitable tolling is appropriate because he or his jail house lawyer would have filed a Rule 61 motion if he had known that counsel had not filed such a motion.

The record reveals that after pleading guilty, Petitioner filed a *pro se* notice of appeal in the Delaware Supreme Court on June 9, 2009. *See Dickson v. State*, 976 A.2d 171 (Table), 2009 WL 1941479, at *1 (Del. July 7, 2009). The Clerk of the Delaware Supreme Court issued a notice to show cause to Petitioner asking why his appeal should not dismissed as untimely. *Id.* Petitioner filed responses to that Order on June 16 and June 19, 2009, stating that the failure to file a timely notice of appeal was not his fault. *Id.* Upon the Delaware Supreme Court's request,

5

the State also responded to the Order to Show Cause, stating that the matter should be remanded to the Superior Court for a determination as to whether Petitioner instructed his attorney to file an appeal. *Id.* On July 22, 2009, defense counsel filed a letter with the Superior Court and an affidavit, and the two related docket entries on the Delaware Superior Court Criminal Docket state that counsel's affidavit was filed "Re: Rule 61." (D.I. 15, Del. Super. Ct. Crim. Dkt. Entry Nos. 29, 30) The Superior Court docket also shows that Petitioner filed a letter with the Superior Court on July 29, 2009. (D.I. 15, Del. Super. Ct. Crim. Dkt. Entry Nos. 18)

Thereafter, on August 11, 2009, the Superior Court ordered defense counsel to file an affidavit certifying whether or not Petitioner instructed counsel to file an appeal; counsel filed an affidavit on August 11, 2009. (D.I. 15, Del. Super. Ct. Crim. Dkt. Entry Nos. 21, 22) On August 11, 2009, the Superior Court vacated its initial sentencing order and resentenced Petitioner in order to restart the time for the filing of a direct appeal. (D.I. 15, Del. Super. Ct. Crim. Dkt. No. 0808020671, at Dkt. Entry No. 23) Defense counsel filed a notice of appeal on Petitioner's behalf on August 20, 2009.

Petitioner fails to provide any support for his contention that defense counsel lied to him about filing a Rule 61 motion. Significantly, the Superior Court docket entry on July 22, 2009 states that counsel filed an affidavit "Re: Rule 61," not that counsel filed a Rule 61 motion. When viewed in context with the entire record,[4] it appears that the affidavit counsel filed on July 22, 2009 concerned the circumstances regarding the untimely notice of appeal filed by Petitioner in June 2009. Although Petitioner asserts that defense counsel lied and told Petitioner that he had filed a Rule 61 motion in July 2009, the "Re: Rule 61" language contained in the aforementioned docket entry suggests the very likely possibility that Petitioner misunderstood

---

[4]The record provided to the Court does not include a copy of defense counsel's affidavit.

the language of docket entry (and counsel's explanation) to mean that counsel filed a Rule 61 motion rather than just an affidavit. Given this record, the Court cannot conclude that defense counsel's actions in July 2009 warrant equitable tolling.

In turn, although the Superior Court Criminal Docket Sheet does not contain any entry for August 4, 2009, it does contain an entry for September 4, 2009 stating that Petitioner filed a *pro se* motion to withdraw his guilty plea. The Superior Court summarily dismissed Petitioner's *pro se* motion to withdraw his guilty plea on November 23, 2009 after explaining that it was, in essence, a premature Rule 61 motion because it was filed while Petitioner's direct appeal was still pending. (D.I. 1 at 42-43) In fact, in his Petition, Petitioner appears to reference the Superior Court's November 2009 dismissal of his motion to withdraw his guilty plea as constituting the denial of a Rule 61 motion. (D.I. 1 at 4) Thus, even if Petitioner misconstrued the Superior Court's July 22, 2009 docket entry as indicating that defense counsel filed a Rule 61 motion, the Superior Court's November 2009 decision put him on notice that any Rule 61 motion filed prior to or during the pendency of his direct appeal would be dismissed as premature. In other words, exercising reasonable diligence, Petitioner could have filed a *pro se* Rule 61 motion after his direct appeal was decided on February 16, 2010, or he could have filed a timely federal habeas petition after his judgment of conviction became final. Hence, Petitioner's instant allegations fail to demonstrate how his mistaken belief regarding a non-existent Rule 61 motion actually prevented him from filing the instant Petition in a timely manner.

For these reasons, the Court concludes that the equitable tolling doctrine does not apply in this case. Accordingly, the Court will dismiss the Petition as untimely.

## V. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011); 28 U.S.C. § 2253(c)(2). A federal court denying a habeas petition on procedural grounds without reaching the underlying constitutional claims is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court has concluded that Petitioner's habeas Petition does not warrant relief because it is time-barred. Reasonable jurists would not find this conclusion to be debatable. Accordingly, the Court declines to issue a certificate of appealability.

## VI. CONCLUSION

For the reasons discussed, Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 is **DENIED**. An appropriate Order will be entered.